UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darious Lamont Moore, #248459, | ) C/A No. 8:12-3584-RMG-JDA |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| State of South Carolina; Court of Appeals, in the County of Sumter; Supreme Court, in the County of Columbia, | ) |
| Defendants. | ) |

Plaintiff, a prisoner at Lieber Correctional Institution in Ridgeville, South Carolina, files this case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held

to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  See *Hughes v. Rowe*, 449 U.S. 5 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir. 1975).  However, even when considered under this less stringent standard, the undersigned finds and concludes that the Complaint submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Plaintiff requests monetary damages for false imprisonment in this case brought pursuant to § 1983.  He also asked to be released from prison.  Plaintiff complains that he was successful in an application for Post-Conviction Relief (PCR) in state court, but that the South Carolina Department of Corrections has failed to release him.

In fact, Plaintiff has mistaken the dismissal of his PCR application for the dismissal of his criminal case.  He writes, "April 1, 2005 the Honorable Mr. Thomas W. Cooper sign an order dismissing the 2003 indictment Arm Robbery (sic)."  Entry No. 1 at 5.  Plaintiff submitted the dismissal of his PCR as an attachment to his Complaint, with a date that is partially scratched out, but could be read as April 1, April 13, or April 14, 2005.  Entry No. 1-2 at 64.  This is the only submitted document that matches the dismissal order Plaintiff

describes.

The § 1983 Complaint is subject to summary dismissal because a right of action with respect to Plaintiff's allegations has not accrued.  *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-487.

Plaintiff has made no allegation that his conviction or sentence has been invalidated; thus, under *Heck* he cannot collect damages for any perceived constitutional deprivation pertaining to his conviction and sentence.  Nor can Plaintiff seek release from prison in a § 1983 action, as such a remedy is firmly in the purview of habeas corpus.  *See* 28 U.S.C. § 2254.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

s/ Jacquelyn D Austin  
Jacquelyn D. Austin  
United States Magistrate Judge

February 12, 2013  
Greenville, SC

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).