IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Darious Lamont Moore, #248459,<br><br>Plaintiff,<br><br>v.<br><br>State of South Carolina; Court of Appeals in the County of Sumter; and Supreme Court in the County of Columbia,<br><br>Defendants. | No. 8:12-cv-3584-RMG<br><br>ORDER |

Plaintiff Darious Lamont Moore, an inmate at Lieber Correctional Institution in Ridgeville, South Carolina, brought this action *pro se* on December 27, 2012, alleging that the Defendants, all state entities, have failed to release him from prison despite what he asserts was a successful Post-Conviction Relief (PCR) petition in state court. (Dkt. No. 1). Proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, Plaintiff seeks monetary damages as well as the prospective relief of being released from prison. (*Id.* at 6).

**Background**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), DSC, this case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915(e)(2). On February 12, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance and service of process. (Dkt. No. 15). Plaintiff filed no objections to the R&R.

-2-

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Magistrate Judge liberally construed the complaint, accurately summarized the law, and correctly concluded that Plaintiff's § 1983 claim should be dismissed. As the Magistrate Judge correctly pointed out, Plaintiff's criminal charge for armed robbery was not dismissed by the state PCR court; rather, his PCR petition was. (Dkt. No. 15 at 2). Plaintiff has therefore failed to "demonstrate that the conviction [underlying his § 1983 claim] . . . has already been invalidated,"

a prerequisite for recovering on this cause of action. *Heck v. Humphrey*, 512 U.S. 477, 487 (1997); *see also Bishop v. Vazquez*, No. 4:10-cv-1833, 2012 WL 871216, at *2 (D.S.C. Mar. 14, 2012).[1] To the extent Plaintiff appears to raise other claims concerning his treatment by correctional officers, he has neither named those officers as defendants nor alleged facts sufficient to render those allegations plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (explaining that, to state a claim, a plaintiff must do more than merely offer "'naked assertion[s]' devoid of 'further factual enhancement'"). Accordingly, Plaintiff "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

After a thorough review of the Report and Recommendation and Plaintiff's pleadings, the Court adopts the Magistrate Judge's Report and Recommendation, and DISMISSES this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 7, 2013

---

[1] In addition, Eleventh Amendment immunity precludes Plaintiff from recovering monetary damages from Defendants, all of whom are state entities. *See* U.S. Const. amend. XI; *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (stating that the court shall dismiss the case at any time if it determines that the action "seeks monetary relief against a defendant who is immune from such relief").

-3-